763 A.2d 809

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Dorothy E. COOKE, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 5, 2000.

Sharon L. Meisler, Norristown, for petitioner.

*ORDER*

PER CURIAM.

**AND NOW,** this 5th day of December, 2000, the Petition for Allowance of Appeal is GRANTED. The order of the Superi-

or Court is REVERSED. See *Commonwealth v. Polo*, 563 Pa. 218, 759 A.2d 372, 2000 Pa. LEXIS 2415 (2000).

Justice SAYLOR has filed a Dissenting Statement joined by Justice CASTILLE.

SAYLOR, Justice, dissenting.

In this appeal concerning the propriety of a consent search occurring on a commercial passenger bus, the Court invokes *Commonwealth v. Polo*, 563 Pa. 218, 759 A.2d 372 (2000), to summarily reverse, effectively invalidating the search. The decision to vitiate the search at issue in *Polo*, however, was expressly predicated upon the preceding *stop* of a commercial passenger bus by law enforcement officials, that is, its removal from the flow of traffic, deemed by the Court to have been illegal. *See id.* at 225, 759 A.2d at 376. In the present case, although the consent search also occurred on a bus, it was not preceded by an illegal stop or by any stop occasioned by law enforcement officials. Rather, when police officers boarded, the bus was already stopped at a terminal location pursuant to the bus company's routine schedule.

As the dispositive circumstance from *Polo* is not present in this case, the Court's decision to reverse necessarily represents an expansion of *Polo's* holding. Since, however, the present ruling is rendered on a *per curiam* basis, it cannot be discerned just how broadly *Polo's* holding is to be read. While it is possible that the Court intends to apply *Polo* to delays in departure which may have been occasioned by law enforcement activity, *but see Commonwealth v. Cooke*, 745 A.2d 37 (Pa.Super.1999)(stating that "[w]hile the suppression court in the present case emphasized that the Greyhound bus left five minutes late and speculates that the drug interdiction was to blame, there is no evidence in the record to explain the delay" (citation omitted)), it is equally plausible that some broader interpretation is intended. In such circumstances, to avoid confusion in the trial and intermediate appellate courts, it would be preferable if the rationale supporting the Court's order were supplied. This would seem particularly appropri-

ate where the Court is invoking the Pennsylvania Constitution (the basis for the disposition in *Polo*) in a manner which could be viewed as diverging from the interpretations of the United States Supreme Court in its application of the United States Constitution. *See generally Florida v. Bostick,* 501 U.S. 429, 439, 111 S.Ct. 2382, 2389, 115 L.Ed.2d 389 (1991).

As I would have allowed appeal concerning the extent to which *Polo* controls, I respectfully dissent.

Justice CASTILLE joins this dissenting statement.